BROWN, APPELLANT, *v.* JOHNSON, EXRX., ET AL., APPELLEES.

(No. 2420—Decided May 28, 1957.)

*Messrs. Withrow & Hutton,* for appellant.
*Mr. Ralph J. Hanaghan,* for appellees.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County in a suit to contest a will. The jury rendered a verdict setting aside the will. The court sustained a motion for judgment notwithstanding the verdict, and sustained a motion for new trial conditionally as provided in Section 2323.181, Revised Code. The rulings on the motions are assigned as error.

At the beginning of the trial the contestant rested his case on two propositions: First, undue influence; second, that there was no will executed. The court took from the jury the question of undue influence. The record supports the action of the trial court.

.. The case was submitted to the jury on the question whether there was a will executed. The contestant contended that the testatrix signed a blank sheet of paper and that above her signature some person or persons wrote the will, and that the testatrix was elsewhere when the will was executed. We do not deem it necessary to recite the evidence in detail. It is sufficient to state that the evidence failed to support the contention of the contestant. The dictation of the will by the testatrix, the writing thereof in her presence and in the presence of the three subscribing witnesses, the due execution of the will by the testatrix as required by law, was not denied by any witness, except the unsupported testimony of the contestant who claimed the testatrix was elsewhere with him at the time the will was executed. The alleged facts on which the contestant relied to support this contention vanished on cross-examination. In our opinion reasonable minds could reach but one conclusion; the trial judge should have directed a verdict for the proponents, which not having been done, he properly rendered judgment notwithstanding the verdict.

We find no assignment of error well made.

*Judgment affirmed.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.